UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKENZIE HUFFAKER, personally and as personal representative of the ESTATE OF PERRY HUFFAKER AND SARAH HUFFAKER; JERILY MARTIN, as guardian of AUBREE HUFFAKER; JAXSON HUFFAKER; CADEN HUFFAKER; LEROY HUFFAKER; KATHRYN HUFFAKER; GREG PAYNE and CLAUDIA PAYNE , <br><br>Plaintiff,<br><br>v.<br><br>EAGLE FUEL CELLS, INC. aka EAGLE FUEL CELLS-ETC. INC. aka/dba EAGLE TECHNOLOGIES CO. and DOES 1 through 100,<br><br>Defendants. | Case No.: 19-cv-01996-GPC-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY**<br><br>**[ECF No. 8]** |

Before the Court is Eagle Fuel Cells, Inc. aka Eagle Fuel Cells-Etc, Inc. aka/dba Eagle Technologies' ("Defendant" or "Eagle") motion to dismiss the first amended complaint, filed on November 27, 2019. ECF No. 8. The motion has been fully briefed. ECF Nos. 10, 11. The Court **GRANTS** the motion to dismiss and additionally **GRANTS** Plaintiff's motion for jurisdictional discovery.

## I. Procedural History

Plaintiffs first filed suit against Defendant Eagle in Utah on July 23, 2019. ECF No. 6 ("First Amended Complaint" or "FAC") ¶ 19. Eagle moved to dismiss for lack of personal jurisdiction. *Id.* ¶ 20. Plaintiffs filed a notice of non-opposition on September 18, 2019. *Id.* ¶ 21. Plaintiffs then filed suit in the San Diego Superior Court on September 18, 2019, and the suit was removed to this Court on October 16, 2019. ECF No. 1. Plaintiffs allege claims of strict products liability, negligence, and breach of warranty against all defendants. FAC ¶¶ 22-35.

## II. Factual Background

Plaintiffs are the family members of two individuals who died as a result of injuries sustained in an airplane crash. *Id.* ¶¶ 1-5. The airplane ("Subject Airplane") crashed on July 26, 2017 in Utah. *Id.* ¶ 9. The decedents were residents of Utah when they died; Plaintiffs are also residents of Utah.[1] *Id.* ¶¶ 1-5.

Defendant Eagle provides, among things, replacement fuel drain valves for aircrafts. *Id.* ¶ 6. Eagle is incorporated in Wisconsin and has its principal place of

---

[1] One Plaintiff is currently living in Brazil. FAC ¶ 2.

2

business in Wisconsin. *Id.* ¶ 6; Declaration of Kurt Hartwig (ECF No. 8-2) ("Hartwig Decl.") ¶ 4. Plaintiffs also name as defendants Does 1 through 100, as agents, servants, employees and/or joint venturers of their codefendants. *Id.* ¶ 8.

Eagle designed, manufactured, overhauled, inspected, and distributed a fuel drain valve ("Subject Valve") that was "sold in and sent" to Borrego Springs, California where it was ultimately installed in the Subject Aircraft. *Id.* ¶ 11. Allegedly, the Subject Valve failed to properly drain water from the fuel system in the fuel system; as a result, the Subject Aircraft lost power at the time of the crash. *Id.* ¶¶ 12, 13. No alterations were made to the Subject Valve between the time that Eagle shipped it and the time of its installation. *Id.* ¶ 14.

The Subject Valve was shipped pursuant to a purchase agreement executed on November 20, 2007. ECF No. 8-3 at 3. The seller is listed as Eagle Fuel Cells, 617 Skylane Taxiway, Eagle River, Wisconsin 54521, and the recipient of the Subject Valve is listed as Tom Pantich, 4643 Mesquite Lane, Borrego Springs, CA 92004. *Id.* Tom Pantich is not a party in this action.

On or around June 20, 2019, Plaintiffs learned, through their experts' analysis of the crash wreckage, that there was water in the fuel system and the defects with the Subject Valve at the time of the crash. *Id.* ¶ 15. Plaintiffs' experts had previously inspected the wreckage on January 25, 2019 and April 19, 2019. *Id.* ¶ 18.

## III. Legal Standard

Defendant moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. ("Rule") 12(b)(2).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Under

3

California's long-arm statute, California state courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code Ann. § 410.10 (West 2004). California's long-arm statute is coextensive with federal due process requirements; accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general" and "specific." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). When there has been no evidentiary hearing, a plaintiff need only make out a *prima facie* showing of jurisdictional facts. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). "It is only if the court takes evidence on the issue or rules on the personal jurisdiction question in the context of a trial that a heightened, preponderance of the evidence standard applies." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

4

19-cv-01996-GPC-AHG

## IV. Discussion

Defendant argues that this Court lacks both general and specific jurisdiction. The Court addresses each in turn.

### A. General Jurisdiction

Defendant argues that general jurisdiction is inappropriate since it is a Wisconsin corporation with its principal place of business in Wisconsin and has insufficient contacts with California. Plaintiffs do not oppose.

"With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citations omitted). "General jurisdiction does not exist simply because of the magnitude of the defendant's in-state contacts." Wright & Miller, 4 Fed. Prac. & Proc. Civ. § 1067.5 (4th ed.) (citations omitted). It is insufficient to prove that a "foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," rather, the corporation's affiliations with the forum state must be "so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 571 U.S. at 138–39 (internal citations and quotations omitted). "General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

For Eagle, both of the paradigm bases for general jurisdiction (i.e., the principal place of business and place of incorporation) are located in Wisconsin. Therefore, the only remaining basis for exercising general jurisdiction would be Defendant's contacts with California.

5

19-cv-01996-GPC-AHG

Defendant argues that it does not transact or solicit business, maintain offices or any other places of business, own real property, or have any clients or employees in California. ECF No. 8-1 at 18. The Court finds that Plaintiffs have failed to allege sufficient facts to show that Eagle's contacts with California are so continuous and systematic to render it "at home" in California. Accordingly, the Court declines to exercise general jurisdiction over Eagle.

### B. Specific Jurisdiction

Defendant argues that the Court lacks specific jurisdiction since it has not purposefully directed its activities or otherwise purposefully availed itself of California; Plaintiffs' claims do not arise out of any of Defendant's forum related activities; and the exercise of jurisdiction in California would be unreasonable. Plaintiffs oppose.

#### 1. Legal Standard

Although the Supreme Court has drawn clear and narrow constraints on general jurisdiction, the jurisprudence on specific jurisdiction has grown in a different direction. "[W]hile specific jurisdiction has been cut loose from *Pennoyer*'s sway," – *i.e.*, "the idea that jurisdiction was necessarily limited to the geographic bounds of the forum" – "general jurisdiction has not been stretched beyond limits traditionally recognized." *Daimler AG v. Bauman*, 571 U.S. 117, 117 (2014) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1877)).

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S., at 319. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)

6

19-cv-01996-GPC-AHG

(Stevens, J., concurring), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

In California, the reach of state long-arm jurisdictional statute is coextensive with federal due process, which requires that a nonresident defendant have "minimum contacts" with the forum "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.' " *Schwarzenegger,* 374 F.3d at 800-01 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)); Cal. Civ. Proc. Code § 410.10.  The Ninth Circuit applies the following three-prong test for determining specific jurisdiction over a non-resident defendant:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*See Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1227 (9th Cir. 2011) (citing *Schwarzenegger,* 374 F.3d at 802).

While a plaintiff bears the burden of satisfying the first two prongs, on the third prong, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

### 2. Purposeful Direction and Availment

The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment. Defendant argues that the act at issue – *i.e.*, the sale of the fuel drain valve – was not aimed at the forum state since Defendant manufactured the Subject Valve in Wisconsin and executed the purchase agreement in Wisconsin. Plaintiffs counter that Eagle purposefully directed its activities towards and availed itself of the privilege of conducting activities in the forum state through its sale of the Subject Valve.

*Purposeful Direction*

Evidence of purposeful direction generally consists of action taking place outside the forum that is directed at the forum. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). A forum legitimately may exercise personal jurisdiction over a nonresident who "purposefully directs" his activities toward forum residents because a State generally has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Burger King Corp.*, 471 U.S. at 473-474. "Harm suffered in the forum state is a necessary element in establishing purposeful direction." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017).

Here, California has no apparent "manifest interest" in providing its residents with a convenient forum for redressing injuries because no California residents are party to this suit. Plaintiffs allege that Defendant sold the Subject Valve to a known California resident; however, Plaintiffs do not claim that this recipient suffered any harm in California, let alone had any connection to the Subject Aircraft at the time of the crash. Furthermore, and perhaps more importantly, Plaintiffs fail to allege that any harm that gives rise to this litigation was sustained in California. Thus, Plaintiffs have not shown that Defendant directed its activities towards California to justify specific jurisdiction over the Defendant.

*Purposeful Availment*

Where a nonresident defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. *Burger King Corp.,* 471 U.S. at 475–76 (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984); *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 648 (1950)). The nonresident defendant's "conduct and connection with the forum State" must be such that "he should reasonably anticipate being haled into court there, and therefore cannot be solely the result of some random, fortuitous, or attenuated contacts." *Id.* at 474-475. The Supreme Court has explained:

> When a corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or

9

> distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others.

*World-Wide Volkswagen Corp.*, 444 U.S. at 297. While territorial presence in a state will frequently "enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there," it is not a necessary component if a "substantial amount of business is transacted by mail and wire communications . . . thus obviating the need for physical presence within a State." *Burger King Corp.*, 471 U.S. at 476.

Here, Plaintiffs have not sufficiently alleged that Defendant transacted a substantial amount of business in the state or has created any continuing obligations with any California residents. Plaintiffs only allege the following: Eagle maintains a 1-800 number, which CA residents can call without incurring charges; Eagle allows customers to request a quote online; Eagle performs services across North America and around the country; and Eagle sold a defective drain valve to a California resident. ECF No. 10 at 9. Eagle's sale of the Subject Valve to a California resident is the strongest connection to the forum state, but as mentioned, the recipient of the valves is not a party in this action, and Plaintiffs do not claim that the recipient of the valves suffered any harm or had any connection to the Subject Aircraft at the time of the crash.

While Defendant's lack of presence in California is not wholly determinative, the facts show that Eagle is not registered to do business in California, has never had a registered agent in California, owns no real property in California, does not maintain any offices in California, does not keep any officers or directors in California, does not hold any bank accounts or have any telephone listings in California, and does not maintain any

10

corporate books in California.  Hartwig Decl. ¶ 6.  Plaintiffs only alleges a single instance of Defendant mailing a product to a non-party California resident in 2007, ten years before the aircraft crash occurred.  *Cf. DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. 2002) (defendants purposefully directed activities at forum state by filling orders for over 2,500 products that they knew were bound for California and conducting business relationships with several California companies that provide ongoing services necessary for operation of defendants' website).  Plaintiffs have thus failed to show that Defendant had contacts with California that would provide "clear notice" that Defendant should reasonably anticipate being haled into court in California.

The cases that Plaintiffs cite – *Patterson v. Home Depot, USA, Inc.*, 684 F. Supp. 2d 1170 (D. Ariz. 2010) and *Dillard v. Fed. Corp.*, 321 F. Supp. 3d 752 (W.D. Tex. 2018) – are unhelpful.  In *Patterson,* plaintiffs were actually injured in Arizona by a product that was sold in Arizona, the forum state.  The *Patterson* court held that a foreign corporate defendant purposefully availed itself of the privileges of conducting activities in the forum state because the Company placed its design for the defective ladder into the "stream of commerce" and directed that design toward U.S. consumers by establishing an American subsidiary and giving that subsidiary a license to disseminate products manufactured in accordance with an allegedly defective design.  *Patterson*, 684 F. Supp. 2d at 1183; c*f. Asahi Metal Indus. Co. v. Super. Ct. of Cal*., 480 U.S. 102, 112 (1987) (plurality opinion) (a defective or negligent design may be sufficient to establish specific jurisdiction when a defendant designs the product for the market in the forum state). Unlike in *Patterson*, there is no indication that Defendant similarly directed its design of the Subject Valve towards California so as to cause harm in California.

In *Dillard*, the Texas district court rejected *Asahi*'s plurality opinion which applied a "stream of commerce plus test" to specific jurisdiction determinations and, instead, followed a "looser test" as articulated by the Fifth Circuit, requiring only "mere foreseeability or awareness" that the end product would be purchased by or used by consumers in the forum state. *Dillard*, 321 F. Supp. 3d at 756. The Ninth Circuit has not adopted this "looser test." Consequentially, *Dillard* has no precedential weight or effect in the present case.

Accordingly, the Court concludes that Plaintiffs have failed to satisfy the first prong of the three-prong test and that an exercise of specific personal jurisdiction over Defendant would offend due process. Thus, it is unnecessary to address the final two prongs.

### C. Jurisdictional Discovery

Plaintiffs request permission to conduct jurisdictional discovery in the event that the Court finds that Plaintiffs have failed to establish a prima facie case for personal jurisdiction. Defendant counters that that jurisdictional discovery is unnecessary and that Plaintiffs have failed to move for a continuance.

"[T]he question of whether to allow discovery is generally within the discretion of the trial judge." *Am. W. Airlines, Inc. v. GPA Grp*., Ltd., 877 F.2d 793, 801 (9th Cir. 1989). A decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal citations omitted). While "purely speculative allegations of attenuated jurisdictional contacts" are insufficient to warrant jurisdictional discovery, *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011), "discovery should ordinarily be granted where

pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub*, 342 F.3d at 1093 (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986); *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

In their request for jurisdictional discovery, Plaintiffs argue that discovery may show the extent to which Defendant has sent its products to California and provided fuel system services to California residents, noting that it is "extremely unlikely that the subject drain is the only product or service Eagles [sic] has provided to California residents." ECF No. 10 at 15. Defendant counters that it is a "Wisconsin Corporation that has no significant connection to California at all." ECF No. 11 at 13. Defendant additionally denies any further involvement with the individual who purchased the fuel drain valve in 2007 after the purchase was concluded. *See* Hartwig Decl. ¶¶ 6, 10. However, Plaintiffs have established that Defendant has completed at least one sale to a California resident. *Cf. Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.*, 2016 WL 5464552, at *11 (S.D. Cal. Sept. 29, 2016) (jurisdictional discovery denied where plaintiff failed to establish any prior instance of defendant directing infringing activity at the forum state). Plaintiffs allege that they may be able to find more sales by Defendant to other California residents and have shown that Eagle performs services across North America and around the country and maintains a 1-800 number, which California residents can call without incurring charges, in order to obtain products and services. Plaintiffs have also shown that Defendant allows customers to request a quote on Defendant's website. While it is a close question, the Court will permit limited jurisdictional discovery so that Plaintiffs may determine the extent of Defendant's sales

of their products and services in California. Accordingly, Plaintiff's request for jurisdictional discovery is **GRANTED**.

## V. Conclusion

In sum, Defendant's motion to dismiss the FAC is **GRANTED** without prejudice. Plaintiffs' request for jurisdictional discovery is **GRANTED** and Plaintiffs will be given **45 days** from the date of this order to conduct jurisdictional discovery. Plaintiffs are further granted leave to amend within **20 days** of the conclusion of jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: January 31, 2020

Hon. Gonzalo P. Curiel
United States District Judge